UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD RICHARDSON,

       Petitioner,

v.                                         Case Number 11-13632
                                                Honorable Thomas L. Ludington

WILLIE SMITH,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR RELEASE
## ON RECOGNIZANCE AND FOR APPOINTMENT OF COUNSEL

      Petitioner Donald Richardson is a state prisoner presently confined at Boyer Road Correctional Facility in Carson City, Michigan. He has filed a pro se application for the writ of habeas corpus. Petitioner was convicted in Wayne County Circuit Court of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of, or attempt to commit, a felony. He is serving a sentence of three to ten years for the assault conviction and two years for the felony firearm conviction.

      The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Richardson*, No. 291617 (Mich. Ct. App. July 27, 2010). The Michigan Supreme Court likewise affirmed. *People v. Richardson*, 803 N.W.2d 302 (Mich. 2011). Petitioner now seeks habeas relief in this Court, alleging that the trial court was biased and failed to deliver a proper self defense instruction to the jury. Currently pending before the Court are Petitioner's motion for release from custody on his own recognizance or surety (ECF No. 7) and Petitioner's motion for appointment of counsel (ECF No. 7) . For the following reasons, both motions will be denied.

**I**.

Petitioner alleges in his motion for release on recognizance that district courts have inherent power to admit habeas petitioners on bail pending decisions in their cases. "One of the inherent powers of the judiciary with regard to proceedings before it," Petitioner correctly observes, " has been the admission of a prisoner to bail where, in the exercise of his discretion, the judge deems it advisable." *Jago v. U.S. Dist. Court, N. Dist. of Ohio*, 570 F.2d 618, 622 (6th Cir. 1978). This power, however, is exercised only in very unusual cases. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). As the Supreme Court instructs, a habeas petitioner

> is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

*Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the *Aronson* standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

In this case, Petitioner has not alleged any circumstance making his application for release the exceptional case deserving of special treatment. His motion for release on recognizance or surety will be denied.

**II**.

Petitioner alleges in his motion for counsel that he is not trained in the law and that he is unable to retain competent legal counsel. Petitioner has no constitutional right to appointment of counsel on collateral review of his convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)). The interests of justice do not require appointment of counsel at this time. 18 U.S.C. § 3006A(a)(2)(B).

**III**.

Accordingly, it is **ORDERED** that Petitioner's motion for release on recognizance or surety (ECF No. 7) is **DENIED**.

It is further **ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 8) is **DENIED**.

                                         s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

Dated: November 30, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Donald Richardson, #719076, at Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 by first class U.S. mail on November 30, 2011.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS